**Ernest NAPOLITANO**

v.

**Kenneth H. CRAIN and Leon L. Randlett.**

**Ernest NAPOLITANO**

v.

**NORTHEAST AIRLINES, INC.**

Civ. A. Nos. 2761, 2827.

United States District Court
D. New Hampshire.

Oct. 28, 1968.

James J. Kalled, Wolfeboro, N. H., and James S. Yakovakis, Wadleigh, Starr, Peters, Dunn & Kohls, Manchester, N. H., for Ernest Napolitano.

Charles F. Hartnett, Hartnett & Moher, Dover, N. H., Bernard I. Snierson, Snierson & Chandler, Laconia, N. H., for Kenneth H. Crain and Leon L. Randlett.

John F. Cullity, Sheehan, Phinney, Bass & Green, Manchester, N. H., for Northeast Airlines, Inc.

### ORDER ON DEFENDANT NORTHEAST AIRLINES, INC.'S MOTION TO DISMISS

BOWNES, District Judge.

The motion to dismiss is granted.

In rendering its decision, the Court assumes that the complaint, as amended, is true except as to Paragraph 3 of the amendment filed September 18, 1968, which reads as follows:

That Northeast Airlines, to complete its contract of carriage chose a motor vehicle common carrier herein that was only insured for liability up to $10,000.00, contrary to law and therefore in the event a verdict and judgment is obtained by the plaintiff against defendants, Randlett and Crain in excess of $10,000.00, the defendant Northeast Airlines, Inc. is chargeable with the entire excess over $10,000.00 up to the requirements of the law with respect to a common carrier engaged in interstate commerce.

It is the understanding of the Court, now, that contrary to the claims relative to insurance requirements originally made by the plaintiff and set forth more fully in the pre-trial order dated September 11, 1968, there is no New Hampshire insurance requirement that taxis of the type involved in this accident carry liability insurance in a minimum amount of $100,000.

It is the further understanding of the Court, based on the statements of counsel at the hearing on this motion, that there is no state or federal law that imposes insurance requirements on an airline relative to a taxi engaged to carry passengers to their ultimate destination.

The Court has also assumed that there would be evidence introduced at the trial that the defendant Crain was used regularly by Northeast Airlines, Inc., in the past to carry passengers to their ultimate destination at times when the airline could not complete its scheduled flight, and that Northeast Airlines, Inc., had insisted in the past that the defendant Crain carry a minimum of liability insurance in the amount of $100,000.

The Court has read carefully Section 428 of the Restatement of Torts and the Appendix thereto and the cases cited in the Appendix. The Court rules that the words "unreasonable risk of harm to others" as used in the Restatement do not apply to the facts of the instant case. The Court points out that those cases involving motor vehicles decided in accord with Section 428 of the Restatement, in all instances, involved trucking companies engaged as common carriers who hired an independent trucker for a specific job. While the hauling of freight by trucks on a highway may well involve an unreasonable risk of harm to other motorists, the Court does not feel that this interpretation can be stretched to include operating a taxi.

It is the Court's opinion that Section 428 of the Restatement is intended to place liability for bodily harm to others on the one that is primarily responsible for it. The comment to Section 428 makes this clear. Northeast Airlines, Inc., had nothing to do with how the taxi was operated and had no control over the driver. Plaintiff's counsel concedes that the defendant Crain was an independent contractor. The Court cannot help but admire the ingenious and imaginative effort on the part of plaintiff's counsel to make Northeast a party to this action. The Court must also take into consideration, however, that this effort was made, not because Northeast was directly or indirectly responsible for the plaintiff's injuries, but because the alleged negligent tortfeasor carried only a limited amount of liability insurance.

So ordered.